**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       :

                                :      ID No. 0307006566 &
v.                      :           0508026393

                                :      In and For Kent County

LOUIS J. TOLSON,       :

                                :

      Defendant.        :

## ORDER

Submitted: August 16, 2018
Decided:  October 12, 2018

On this 12th day of October 2018, upon consideration of Petitioner Louis J. Tolson's motion for modification of sentence pursuant to Superior Court Criminal Rule 35(b), and the State's response in opposition to the motion, it appears to the Court that:

1. Petitioner Louis J. Tolson (hereinafter "Mr. Tolson") moves for a modification of his February 10, 2006 sentence. In 2006, the Court sentenced Mr. Tolson to twenty years of unsuspended Supervision Level V time, followed by decreasing levels of probation for drug trafficking and a weapons related offense. This motion is well outside the timeline for filing motions for modification pursuant to Superior Court Criminal Rule 35(b) (hereinafter "Rule 35(b))."[1] Nevertheless, the sentencing Judge included, as a term in Mr. Tolson's sentencing order, a provision recognizing that the State "agrees to a review of sentence after the

---

[1] *See State v. Culp*, 152 A.3d. 141, 144-145 (Del. 2016) (holding that the Superior Court may only consider an application after more than 90 days if extraordinary circumstances exist or pursuant to the procedure set forth in 11 *Del. C.* §4217).

1

defendant serves 7 ½ years at level 5." By including that provision in the sentencing order, the Court retained jurisdiction to consider a sentencing modification outside Rule 35(b)'s time requirements.[2]

2. Mr. Tolson had originally petitioned pursuant to 11 *Del.C.* §4214(f) for a certificate of eligibility to modify his sentence. The Court issued a December 20, 2017 Order finding him ineligible to modify his sentence pursuant to that procedure. The Court clarified in its Order, however, that he remained free to move for a modification of his sentence because of the retained jurisdiction in his original sentencing order.

3. Mr. Tolson now moves for a reduction in his sentence because he alleges he is rehabilitated. He also emphasizes that he is fifty-two years old, has served approximately fourteen years of his sentence, and has taken substantial steps toward furthering his education while incarcerated. In support of his motion, he includes eight certificates evidencing completion of educational and self-improvement programs. As an exhibit, he also included a Pennsylvania State University study discussing the relationship between age and recidivism.

4. The State filed a detailed response opposing the motion and references two reasons for its opposition. First, the State emphasizes the nature of his 2005 charges and his drug dealing history. Second, the State relies heavily upon Mr. Tolson's disciplinary record while incarcerated. In the State's written opposition, it attached his disciplinary records. It emphasizes that as recently as July 2015, Mr. Tolson was found to be defiant of authority. More recently, through 2017, Mr. Tolson was often not in his cell when required, and was found to be in possession of

---

[2] *See State v. Walls*, 911 A.2d 804, 2006 WL 29504 491, at *2 (Del. Oct. 17, 2006)(TABLE)(stating that the Superior Court retained jurisdiction to modify defendant's sentence based on its inherent authority to modify a sentence); *See also State v. Remedio*, 108 A.3d 326, 330-31 (Del. Super. Ct. 2014)(indicating that the inherent authority of the Superior Court may be exercised, where the sentencing judge reserved the authority to modify a sentence).

2

contraband. The State also notes that Mr. Tolson, since 2010, has twice been upgraded to maximum security based on his conduct. Furthermore, as recently as early 2018, the Department of Correction upgraded Mr. Tolson to medium security based on recent conduct.

5. The Court has considered the fact that Mr. Tolson's sentence, if issued today may have generated a lesser sentence than that imposed in 2006. Furthermore, the Court has considered the support of Mr. Tolson's family and friends who appeared at the hearing on August 16, 2018. They assured the Court that they would provide him structure and support to help reintegrate him into the community. The Court does not question the genuineness of their offer.

6. However, the Court has also carefully reviewed Mr. Tolson's prison disciplinary record. Some other infractions include defiance of authority and physically resisting correctional officers who tried to correct him. Some are properly characterized as violent, although his violent infractions primarily occurred during his earlier years of confinement. In January 2018, the Department of Correction increased Mr. Tolson's classification to medium security because of three institutional misconduct reports. He also has been reclassified to maximum security because of misconduct as recently as January 2016. In all, the Court counts 92 institutional disciplinary write-ups since Mr. Tolson's initial incarceration.

7. The Court has also considered Mr. Tolson's more recent conduct while incarcerated. Approximately thirty days before Mr. Tolson filed his written motion for modification of sentence, he received a write-up for being off limits and was found guilty of that offense. Approximately one week after he filed his written motion in April 2018, he received another write up but was found not-guilty of that offense. At the hearing for his motion, he admitted that after the April 2018 write-up, he had at least two additional write-ups prior to the August hearing.

8. In deciding whether Mr. Tolson's sentence should be reduced, the Court

must necessarily evaluate Mr. Tolson's conduct while incarcerated. Prior to his incarceration, he had a significant criminal history. Given his persistent violation of institutional rules, the Court does not find that he has sufficiently demonstrated his rehabilitation. It is, therefore, appropriate to deny his motion for a reduction of sentence.

9. In recognition of two circumstances, however, the Court will permit Mr. Tolson to file one additional motion for reduction of sentence *no sooner than* eighteen months from the date of this Order. First, Mr. Tolson obviously has supportive family members who persuasively represented their desire to help him successfully transition into the community. Second, Mr. Tolson's major and sometimes violent violations have generally decreased since the initial part of his Level V sentence. Accordingly, if Mr. Tolson files an additional motion, the State will be requested to secure his prison disciplinary records from April 27, 2018, to the time the Court considers any such motion, so the Court can review them. Obviously, the Court will carefully review Mr. Tolson's prison record in the event of a renewed motion for reduction of sentence.

WHEREFORE, based on the reasons discussed, Mr. Tolson's motion for reduction of sentence is DENIED.

**IT IS SO ORDERED.**

_____
Judge

JJC:klc
sc: Gregory Babowal, DAG
    Stephen Welch, DAG
    Anthony A. Figliola, Jr., Esq.

4